RECEIVED FOR FILING STATE COURT OF CHATHAM CO. GA 12/27/2021 11:21 AM — *Brian K. Hart* - Clerk of Court

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___CHATHAM___ County

| For Clerk Use Only | |
|---|---|
| Date Filed __12/27/2021__ <br> **MM-DD-YYYY** | Case Number __STCV21-02408__ |

**Plaintiff(s)**
ANDERSON, JOHNNY M., II

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
MAERSK A/S

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
MOLLER SINGAPORE AP PTE LTD.

Plaintiff's Attorney __BRENT J. SAVAGE__   Bar Number __627450__   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO. GA 12/22/2021 11:21 AM  Brian K. Hart - Clerk of Court



# In The State Court of Chatham County

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org • Phone (912) 652-7224 • FAX (912) 652-7229 • clerk@statecourt.org

| | |
|---|---|
| **JOHNNY M. ANDERSON, II** | STCV21-02408 |
| Plaintiff | **Case Number** |

**Vs**

| | |
|---|---|
| **MAERSK A/S and**<br>**MOLLER SINGAPORE AP PTE LTD.** | Address of Defendant<br><br>MAERSK A/S<br>ESPLANADEN 50, 1263 COPENHAGEN<br>KINGDOM OF DENMARK |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: ___MAERSK A/S___

Defendant's Address ___ESPLANADEN 50, 1263 COPENHAGEN, KINGDOM OF DENMAR___

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

BRENT J. SAVAGE
SAVAGE TURNER PINCKNEY & SAVAGE
PO BOX 10600
SAVANNAH, GA 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

**CLERK OF COURT**
**State Court of Chatham County**

/s/ Moneisha Green
_____

Deputy Clerk, State Court of Chatham County

Not valid until
signed and sealed
by a Deputy Court
Clerk

PRINT

27. Summons  03-24-2021



# In The State Court of Chatham County

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

| | |
|---|---|
| **JOHNNY M. ANDERSON, II** | STCV21-02408 |
| Plaintiff | Case Number |

Vs

| | |
|---|---|
| **MAERSK A/S and MOLLER SINGAPORE AP PTE LTD.** | Address of Defendant |
| | MOLLER SINGAPORE AP PTE LTD. 13-01, PAYA LEBAR QUARTER, 1 PAYA LEBAR LINK REPUBLIC OF SINGAPORE |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: MOLLER SINGAPORE AP PTE LTD.

Defendant's Address 13-01, PAYA LEBAR QUARTER, 1, PAYA LEBAR LINK, REPUBLIC OF SINGAPORE

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

BRENT J. SAVAGE
SAVAGE TURNER PINCKNEY & SAVAGE
PO BOX 10600
SAVANNAH, GA 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*
**CLERK OF COURT**
**State Court of Chatham County**

/s/ Moneisha Green

Deputy Clerk, State Court of Chatham County

Not valid until signed and sealed by a Deputy Court Clerk


PRINT

27. Summons 03-24-2021

*Brian A. Hart* - Clerk of Court



# In The State Court of Chatham County, Georgia

**133 MONTGOMERY STREET, ROOM 501, SAVANNAH, GA 31401**

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

JOHNNY M. ANDERSON, II

_____

_____

_____

_____ **Plaintiff**

**Vs**

MAERSK A/S and

MOLLER SINGAPORE AP PTE LTD.

_____

_____ **Defendant**

Counsel or Party Counsel or Party

STCV21-02408

**Case Number**

## CERTIFICATION UNDER RULE 3.2

Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # **3.2** of the Eastern Judicial Circuit of Georgia, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

This _27th_ day of _December_, 20 _21_

_____
Counsel or Party

## OR

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that this petition-pleading involves substantially the same parties or substantially the same factual issues as in Case # _____

_____ VS _____
Plaintiff                                                                          Defendant

Filed in The Eastern Judicial Circuit of Georgia which under Rule 3.2 of the Superior Court rules require the petition-pleading, be specifically assigned to the Judge whom the original action was or is assigned.

_____
Counsel or Party

PRINT

7. Certification under rule 3.2   09-05

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JOHNNY M. ANDERSON, II,     )
                                   )
      Plaintiff,           )
                                   )
v.                            )   CIVIL ACTION NO: STCV21-02408
                                 )
MAERSK A/S and MOLLER  )
SINGAPORE AP PTE LTD, ,    )
                                 )
      Defendants.       )

---

## COMPLAINT FOR DAMAGES

**COMES NOW**, JOHNNY M. ANDERSON, II, Plaintiff in the above-styled action, and brings this Complaint for Damages against the above-named Defendants, respectfully showing this Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is a resident of Chatham County, Georgia.

2.     Defendant MAERSK A/S is a foreign maritime entity with its principal office and place of business located at Esplanaden 50, 1263 Copenhagen, Kingdom of Denmark.

3.     Defendant MAERSK A/S will be served with process in compliance with the requisite international treaties and other legal obligations.

4.     At all times relevant to this cause of action, Defendant MAERSK A/S, was doing business in the State of Georgia within Chatham County.

5.      Defendant MOLLER SINGAPORE AP PTE LTD is a foreign maritime entity with its principal office and place of business located at 13-01, Paya Lebar Quarter, 1, Paya Lebar Link, Republic of Singapore.

6.      Defendant MOLLER SINGAPORE AP PTE LTD will be served with process in compliance with the requisite international treaties and other legal obligations.

7.      At all times relevant to this cause of action, Defendant MOLLER SINGAPORE AP PTE LTD was doing business in the State of Georgia within Chatham County.

8.      Upon information and belief, Defendants own, manage, operate, direct, and crew vessels, including the *M/V MAERSK MUKANG*, to call upon and transact business in the Port of Savannah, Chatham County, Georgia, on a routine, regular, and systematic basis.

9.      This cause of action is based upon injuries sustained by Plaintiff on the navigable waters of the United States, more specifically, in Chatham County, Georgia.

10.      Plaintiff brings this cause of action under the Savings to Suitors clause of 28 USC § 1333, general maritime law, Georgia law, and all laws supplementary and amendatory thereto.

11.      Jurisdiction and venue are proper in this Honorable Court.

## II.  FACTUAL ALLEGATIONS

12.      On or about November 9, 2021, shortly after 1:00 am, Plaintiff was working  as a longshoreman aboard the vessel *MAERSK TUKANG* at the Garden City Terminal of the Georgia Ports Authority.

RECEIVED FOR FILING STATE COURT OF CHATHAM CO. GA. 1/26/2022 11:12 AM
Brian A. Hart - Clerk of Court

13.     In the course of his employment duties on said date and place, Plaintiff
was directed to perform certain duties on the vessel *MAERSK TUKANG,* and Plaintiff
was lawfully on the vessel at all times mentioned herein.

14.     Upon information and belief, Defendants own, manage, operate, directs,
and crews vessels, including the *MAERSK TUKANG,* to call upon and transact business
in the Port of Savannah, Chatham County, Georgia, on a routine, regular, and systematic
basis.

15.     At all times herein mentioned, the *MAERSK TUKANG* was located on the
navigable waters of the United States and within the State of Georgia for the purpose of
loading and discharge of cargo.

16.     While in the process of performing his duties on the *MAERSK TUKANG ,*
Plaintiff, who was working as a lasher, on the forward, shore side section of the vessel,
around Bay 2.  Plaintiff was using a pull rod overhead to free a container, and while
looking up at the container, Plaintiff took a step to the left and fell through a manhole
which was not equipped with a cover.  As a result of Plaintiff's fall due to the
unprotected manhole, he sustained serious and significant injuries.

### III.   CAUSES OF ACTION

### *A. Negligence*

17.     Defendants had substantial control, oversight and knowledge of the
equipment/appurtenances onboard the *MAERSK TUKANG*, and breached its duty to
Plaintiff and other longshoreman by failing to exercise reasonable care to properly
operate and maintain the equipment/appurtenances and ensure that the workers aboard

RECEIVED FOR FILING IN CHATHAM CO., GA. ON 01/24/2021 10:11 AM

the vessel were provided with equipment/appurtenances fit for the equipment/appurtenance's intended use.

18.   Defendants knew or should have known there was an unsafe risk that an unprotected manhole could result in substantial injuries to those working aboard the vessel.

19.   Upon information and belief, Defendants were in charge of, responsible for, and/or had control over the safe condition of the vessel and breached their duties to Plaintiff by failing to properly maintain the equipment/appurtenances and by failing to ensure the equipment/appurtenances were reasonably fit for its intended use.

20.   Plaintiff's injuries were not the result of any fault or negligence on the part of the Plaintiff, but were proximately caused by the negligence of Defendants, its agents, servants or employees, acting in the following respects:

    a.   Negligent failure to equip, operate, maintain, inspect, and replace damaged or defective vessel equipment/appurtenances;

    b.   Employment of incompetent officers, crew, and/or maintenance personnel responsible for equipping, operating, maintaining, inspecting and replacing damaged or defective vessel equipment/appurtenances;

    c.   Negligent failure to properly train officers, crew in the acts of equipping, operating, maintaining, inspecting and replacing damaged or defective vessel equipment/appurtenances;

    d.    Negligent failure to equip, operate and maintain the vessel in a reasonably safe condition and failure to provide Plaintiff with a reasonably safe place to work;

    e.    Negligent failure to warn Plaintiff of the defective condition of the *MAERSK TUKANG* and its appurtenances/vessel equipment;

    f.    Other acts of negligence which will appear more fully at the trial of this matter.

21.    Defendants' above-described negligent acts and omissions constitute a proximate cause of the injuries sustained by Plaintiff.

## IV.   INJURIES AND DAMAGES

22.    Plaintiff brings this action against Defendants to recover medical expenses, past, present, and future; lost wages, past, present, and future; pain and suffering, both physical and emotional, past, present, and future; and permanent impairment.

23.    Plaintiff's damages were a direct and proximate result of the negligent acts and omissions of Defendants and Defendants' employees and agents.

23.    Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, such actions entitling Plaintiff to recover attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

24.    Defendants' actions demonstrate an entire want of care sufficient to prove a conscious indifference to consequences.

25.    As a result, Defendants are liable for punitive damages pursuant to O.C.G.A. § 51-12-5.1, in an amount sufficient to deter similar conduct in the future.

WHEREFORE, Plaintiff prays for the following relief:

(A)     That summons and process issue and be served upon Defendants;

(B)     For a trial by a jury comprised of twelve persons;

(C)     That the Plaintiff be awarded an appropriate sum to compensate for his injuries and damages;

(D)     That the Plaintiff be awarded attorney's fees and all costs of litigation against Defendant pursuant to O.C.G.A. §13-6-11;

(E)     That the Plaintiff be awarded punitive damages against Defendant in an amount to be determined by a jury;

(F)     That Plaintiff recover such other and further relief as this Court deems just and proper.

This ___27th___ day of December, 2021.

_____
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY & SAVAGE
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

*Page 6 of 6*

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JOHNNY M. ANDERSON, II,                        )
                                               )
      Plaintiff,                              )
                                               )
v.                                             )    CIVIL ACTION NO: <u>STCV21-02408</u>
                                               )
MAERSK A/S and MOLLER                          )
SINGAPORE AP PTE LTD, ,                         )
                                               )
      Defendants.                             )

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANTS

**COMES NOW**, Plaintifs in the above-styled case, and requires Defendant, pursuant to O.C.G.A. §9-11-34, to produce for inspection and copying at the offices of the Plaintiffs' attorney of record, Brent J. Savage, at Savage, Turner, Pinckney & Savage, 102 East Liberty Street, Eighth Floor, Savannah, Georgia 31401, the following documents within forty-five (45) days of the date of service of this request.

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which the Defendant objects to producing.

**NOTE A:**    These requests are continuous and should be supplemented if additional information is received at a later date.

**NOTE B:**    If documents requested are not in the Defendant's possession, please state as follows:

    (1)    name of person who has possession or knowledge of whereabouts;

(2)     business address of such;

(3)     business telephone number of such.

**NOTE C:**     If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

1.     Any and all accident records, reports, memoranda and emails relating to the Plaintiff in Defendant's possession.

2.     The entire crew list of the *MAERSK TUKANG* and the employee list of the *MAERSK TUKANG,* the voyage and activity at issue herein, including addresses and telephone numbers.

3.     Any and all log books (or other records) kept by the *MAERSK TUKANG* for the aforesaid voyage, or by Defendants for the involved activity, including where applicable, but not limited to, the following:

(a)     Deck logs;

(b)     Engineer's logs;

(c)     Medical logs;

(d)     Radio logs;

(e)     Inspection, repair and maintenance logs; and

(f)     Electrical work logs.

4.     Any and all statements, including of the Plaintiff, either oral or written, signed or unsigned, and/or any and all recordings, by whatever means, relating to the incident complained of herein.

5.      All photographs, videotapes, records, and any other depiction or written descriptions taken by the Defendant or its representatives, involving, concerning, regarding or in any way connected with the matters at issue herein, including specifically any of Plaintiff.

6.      Any and all reports, notes, memoranda, correspondence, emails and related data made or kept by the Defendant, its agents, and/or employees, for or on behalf of or in the interest of the Defendant, and kept in its regular course of business, currently in existence or in its custody, possession and control, pertaining to Plaintiff's injury and claim against Defendants herein.

7.      All communications transmitted or received in connection with Plaintiff's injuries.

8.      All U.S. Coast Guard, Occupational Safety and Health Administration, or other reports or accident reports filed in connection with Plaintiff's injury.

9.      All medical and other types of bills paid by Defendant for medical treatment or services for Plaintiff or otherwise paid on Plaintiff's behalf.

10.     All expert's reports, test results, data relied on, and other information upon which said expert has relied or utilized to formulate his opinion, irrespective of whether said expert will or will not be called to testify or whether his or her opinion is not yet finalized.

11.     Copies of all policies of insurance (whether primary or excess) pertaining to the claims made in this lawsuit.

12.     All safety and/or operating rules, pamphlets, books, newsletters, posted notices, and other such safety or operating rules or regulations in effect at the time of

the incident that forms the basis of this litigation.

      13.    All contracts existing between the Defendant and between any other company or entity concerning the activities, vessel, crew members, etc., pertaining to the work activities undertaken on the date of Plaintiff's injury.

      14.    Copies of any diagrams, sketches, drawings, blueprints, etc., of the area of the *MAERSK TUKANG* where Plaintiff's injury occurred.

      15.    All maintenance and repair records, if any, relating to the equipment/appurtenances and/or area of the *MAERSK TUKANG* where Plaintiff's injury occurred, whether made before or after Plaintiff left the vessel.

      16.    All written reports of routine or special inspections made of the equipment/appurtenances and/or area of the *MAERSK TUKANG* where Plaintiff's injury occurred, whether made before or after Plaintiff left the vessel.

This ___27th___ day of December, 2021.

Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY & SAVAGE
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

*Page 4 of 4*

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOHNNY M. ANDERSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: STCV21-02408 |
| | ) | |
| MAERSK A/S and MOLLER | ) | |
| SINGAPORE AP PTE LTD, , | ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

COMES NOW, Plaintiff in the above-styled case, and requires Defendants to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. §9-11-33 within forty-five (45) days from the date of service hereof.

### NOTICE AND DIRECTIONS

**NOTE A:** You are hereby required to respond to the Interrogatories, separately and fully in writing under oath, within thirty (30) days of service and serve a copy of the response upon Plaintiff's attorney.

**NOTE B:** When used in the Interrogatories the term "Defendant" or "you" or any synonym thereof, is intended to and shall embrace and include Ledra Marine, S.A., individually, as well as all attorneys, agents, servants, representatives, private investigators and others who are in a position of obtaining or may have obtained information for or on behalf of Defendant relevant to these Interrogatories.

**NOTE C:**     These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than ten (10) days prior to the time of trial.

**NOTE D:**     "Document" means: (1) every writing or record of every type and description that is or has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, inter-office memoranda, tapes, email, computer files, hard disks, databases, backup tapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures (drawings and photographs), films, microfilms, voice recordings, maps, reports, surveys, minutes, statistical computations, invoices, production orders, sales records, and any other writing evidencing or reflecting facts relevant to the Plaintiff's claims; (2) every copy of the above-described writing record where the original is not in your possession, custody or control; (3) every copy of each such writing or record where such a copy is not an identical copy of the original by virtue of any commentary or notation that does not appear on the original.

**NOTE E:**     Throughout these interrogatories, where Defendant is requested to identify a person, the following information should be furnished:

(a)     The person's full name;

(b)     His or her present home and business address and telephone number at each address;

©     His or her occupation; and

*Page 2 of 6*

(d)     His or her place of employment.

**NOTE F:**     As used herein, terms in the singular include the plural and terms in the plural include the singular.

1.  Please state the name, address, telephone number, brief summary of the knowledge said person has/claims to have and employer/job title at the time of Plaintiff's injury of each and every person who has or claims to have knowledge or information (including medical information) regarding any facts, circumstances, or issues involved in Plaintiff's Complaint.

2.  Please state the name, address and telephone number of those persons whose formal or informal statements, verbal or written, were obtained by you or any of your representatives in connection with the incident in question or any issue in this lawsuit.  State the date of each statement, state where it was obtained, and identify by name, address and telephone number the person obtaining it.

3.  Do you have in your possession or do you have access to a written or recorded statement or summary of notes of an oral statement by Plaintiff? If so, please state the date of each statement, where it was obtained, and identify by name, address and telephone number the person obtaining it.

4.  Please state the name, address, telephone number, employer, and job title of any person or persons who made any investigations or reports as a result of or in connection with the incident giving rise to this lawsuit, and identify by title each report or other document resulting from same.

5.   Do you have, or does your attorney or other representative have any photographs, videotapes, sketches, diagrams, blueprints, plans, etc., taken or made in connection with the Plaintiff's injury or the matters and things involved in Plaintiff's claim or this lawsuit?

6.   Please state the name, address, telephone number, opinions held, list of documents upon which they rely, list of all records provided and field of expertise of any person you will call at trial as an expert witness.

7.   Were any corrective actions taken in response to Plaintiff's injuries?  If so, what were they?

8.   At the time of the Plaintiff's injury as described in the Complaint, please provide the name and address of each insurer, the policy number and limits of liability for each type of coverage and the nature of any exclusions for any policies (primary or excess) of insurance insuring your liability for the type of risk sued on herein.

9.   Please state the wording of any safety or operating rules, regulations or recommendations, whether written or verbal, pertaining to Plaintiff's work activity at the time of the injury described in the Complaint.

10.  Were any written reports made of any inspections of the open manhole that is alleged to have injured the Plaintiff prior to or subsequent to Plaintiff's injury?

11.  If any written or oral reports were made of any such inspections referred to in the preceding interrogatory, please state the date of such report, and

from whom and to whom said reports were made last preceding and first following Plaintiff's injury.

12. Please state the name, address and job classification of all such persons who gave notice or made complaints about the subject manhole prior to the time of Plaintiff's injury and state whether said notice or complaint was put in writing and, if so, the present location of said written document.

13. Are you in possession of photographs or videotapes in which the Plaintiff appears or of the site of Plaintiff's injury either before or after it occurred? If so, please state:

    (a)  How many photographs or videotapes were made and when and where they were made?

    (b)  The name and present address of by whom they were made and the name and address of the person who presently has possession of them;

14. Who is responsible for inspection/maintenance of the deck manholes?

15. The name, business and home addresses of the officers, directors and shareholders of the Defendant.

16. State which documents Defendant possesses, maintains or has access to which state the specifications for the equipping, inspection, maintenance and replacement of manhole covers.

17. How do you contend the subject manhole was found with no cover?

18. Do you contend Plaintiff was contributorily negligent in any way?

19.   Do you contend any third party not named in this lawsuit was contributorily negligent?  If so, how?

20.   For the chief officer, first mate, second mate, and any other crew or seamen working at the time of the subject incident, identify and describe their job duties while onboard the vessel, and identify any and all individuals under their supervision.

This ___27th___ day of December, 2021.

_____
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY & SAVAGE
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

*Page 6 of 6*

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JOHNNY M. ANDERSON, II,     )
     )
    Plaintiff,     )
     )
v.     )   CIVIL ACTION NO: STC21-02408
     )
MAERSK A/S and MOLLER     )
SINGAPORE AP PTE LTD, ,     )
     )
    Defendants.     )

## ACKNOWLEDGMENT OF SERVICE
## AND WAIVER OF SUMMONS

NOW COMES DEFENDANTS MAERSK A/S and MOLLER SINGAPORE AP PTE LTD, through its attorneys of record, and as of the date affixed below, hereby acknowledges due and legal service of Plaintiff's Complaint, First Interrogatories and Request for Production of Documents and waives service of summons in this action while expressly reserving any and all rights and defenses.

This 28th day of December, 2021.

BOUHAN FALLIGANT, LLP

*/s/ Todd M. Baiad*
Todd M. Baiad
Georgia Bar No. 031605
Lucas D. Bradley
Georgia Bar No. 672136
*Attorneys for Defendants*

Post Office Box 2139
Savannah, GA 31402
(912) 232-7000
tmbaiad@bouhan.com
ldbradley@bouhan.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the above

and foregoing document by causing same to be ____ placed in the United States mail,

postage prepaid, ____ hand delivered, and/or __X__ sent via email to the following:

bsavage@savagelawfirm.net
zsprouse@savagelawfirm.net

Brent J. Savage, Esquire
Zachary R. Sprouse, Esquire
SAVAGE TURNER PINCKNEY & SAVAGE
102 East Liberty Street, 8th Floor (31401)
Post Office Box 10600
Savannah, GA 31412

This 28th day of December, 2021.

BOUHAN FALLIGANT, LLP

/s/ Todd M. Baiad
Todd M. Baiad
Georgia Bar No. 031605
Lucas D. Bradley
Georgia Bar No. 672136
*Attorneys for Defendants Maersk A/S*
*and Moller Singapore AP PTE LTD*

Post Office Box 2139
Savannah, GA 31402
(912) 232-7000
tmbaiad@bouhan.com
ldbradley@bouhan.com

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **JOHNNY M. ANDERSON, II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO: STCV21-02408** |
| **v.** | ) | |
| | ) | |
| **MAERSK A/S and MOLLER** | ) | |
| **SINGAPORE AP PTE LTD.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW MAERSK A/S and MOLLER SINGAPORE AP PTE LTD. (collectively referred to herein as "Maersk" or "Defendants"), and by and through their undersigned counsel of record, hereby file their <u>Answer</u> to Plaintiff's <u>Complaint</u>, show this Honorable Court as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's <u>Complaint</u> fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE

No acts or omissions by Defendants, their agents, workers, or employees proximately caused any injuries or damage to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Should Defendants be liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set off for all sums of money received or available from, or on behalf of, any other party for the same damages alleged in Plaintiff's <u>Complaint</u>.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Plaintiff's comparative negligence. Defendants assert that the alleged incident and damages, if any, complained of in Plaintiff's Complaint resulted solely and proximately from the fault and negligence, or either, of Plaintiff. Defendants deny that the incident, which is the subject of this action, occurred as alleged in Plaintiff's Complaint. In the alternative, Defendants state that if it is to be determined that fault should be assessed, the possible negligent acts or omissions of other persons or parties were the direct and proximate cause of some, or all of the damages as alleged in Plaintiff's Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any. To that extent, Plaintiff cannot recover from these Defendants.

## SIXTH AFFIRMATIVE DEFENSE

To the extent the evidence should show that Johnny M. Anderson, II by ordinary care could have avoided the consequences to himself caused by any alleged negligence on the part of Maersk (any such negligence on the part of Maersk being expressly denied), Plaintiff would not be entitled to recovery, or any recovery would be subject to reduction. Specifically, without limiting the generality of the foregoing, Defendants affirmatively plead and preserve the affirmative defenses of contributory negligence, comparative fault, assumption of the risk, and the doctrine of avoidance.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages by the virtue of the fact that any alleged danger encountered by Plaintiff, if any, was open and obvious.

## EIGHTH AFFIRMATIVE DEFENSE

Prior to turning over the M/V MAERSK TUKANG to Ceres Marine Terminals Inc. for stevedore operations, Maersk conducted a reasonable inspection of the vessel and its appurtenances and discovered no hazard or defects, thereby satisfying their responsibility to exercise ordinary care, and to turn over the vessel to the stevedore in such condition that the stevedore could conduct cargo operations in a reasonably safe manner.

## NINTH AFFIRMATIVE DEFENSE

Defendants will rely on any and all further defenses which may become available or appear during discovery proceedings in this action. Maersk hereby reserves the right to amend its Answer for the purpose of asserting any such additional affirmative defenses.

## TENTH AFFIRMATIVE DEFENSE

Answering the numbered paragraphs contained in Plaintiff's Complaint, Defendants respond as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies said allegations.

2. Defendants admit only that Maersk A/S is a foreign corporation with a principal place of doing business located in the Kingdom of Denmark. The remainder of Plaintiff's allegations are denied.

3. Defendants state that Maersk A/S already acknowledged service of this Complaint on or about December 28, 2021. The balance of the allegations contained within paragraph 3 of Plaintiff's Complaint are denied.

4.      Defendants deny the allegations contained within paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit only that Moller Singapore AP PTE Ltd. is a foreign corporation with a principal place of doing business located in the Republic of Singapore.  Defendants deny the remaining allegations contained within paragraph 5 of Plaintiff's Complaint.

6.      Defendants state that Moller Singapore AP PTE Ltd. already acknowledged service of this Complaint on or about December 28, 2021.  The balance of the allegations contained within paragraph 6 of Plaintiff's Complaint are denied.

7.      Defendants deny the allegations contained within paragraph 7 of Plaintiff's Complaint.

8.      Defendants deny the allegations contained within paragraph 8 of Plaintiff's Complaint.

9.      Defendants admit only that this cause of action is based upon alleged injuries sustained by the Plaintiff located in the navigable waters of the United States.  Defendants deny the remaining allegations contained within paragraph 9 of Plaintiff's Complaint.

10.      Defendants deny the allegations contained within paragraph 10 of Plaintiff's Complaint.

11.      Defendants deny the allegations contained within paragraph 11 of Plaintiff's Complaint.  By way of further answer, consistent with the Notice of and Petition for Removal filed by Maersk contemporaneous with this Answer, jurisdiction and venue more properly lie in the United States District Court for the Southern District of Georgia, Savannah Division.

## II.  FACTUAL ALLEGATIONS

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's <u>Complaint</u> and, therefore, denies said allegations.

13.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's <u>Complaint</u> and, therefore, denies said allegations.

14.      Defendants deny the allegations contained within paragraph 14 of Plaintiff's Complaint.

15.      Defendants admit the allegations contained within paragraph 15 of Plaintiff's Complaint.

16.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's <u>Complaint</u> and, therefore, denys said allegations.

## III.  CAUSES OF ACTION

### A.  Negligence

17.      Defendants deny the allegations contained within paragraph 17 of Plaintiff's Complaint.

18.      Defendants deny the allegations contained within paragraph 18 of Plaintiff's Complaint.

19.      Defendants deny the allegations contained within paragraph 19 of Plaintiff's Complaint.

RECEIVED FOR FILING IN COURT CLERK'S OFFICE, CHATHAM CO. GA. ON 01/26/2021 11:21 AM   Brian A. Hart - Clerk of Court

20.    Defendants deny the allegations contained within paragraph 20, including all of its subparts, of Plaintiff's Complaint.

21.    Defendants deny the allegations contained within paragraph 21 of Plaintiff's Complaint.

## IV.  INJURIES AND DAMAGES

22.    Defendants admit only that Plaintiff is bringing this cause of action against Defendants for alleged damages.  Defendants deny the allegations contained within paragraph 22 of Plaintiff's Complaint.  By way of further answer, Defendants deny the Plaintiff is entitled to any damages or other relief as sought though this Complaint.

23.    Defendants deny the allegations contained within paragraph 23 of Plaintiff's Complaint.

23.    Defendants deny the allegations contained within paragraph 23 (*sic*) of Plaintiff's Complaint.

24.    Defendants deny the allegations contained within paragraph 24 of Plaintiff's Complaint.

25.    Defendants deny the allegations contained within paragraph 25 of Plaintiff's Complaint.

Responding to the last unnumbered paragraph contained in Plaintiff's Complaint, beginning with "WHEREFORE," including each subparagraph contained therein, Defendants deny that Plaintiff is entitled to a judgment in his favor or for any relief whatsoever from these Defendants.

Defendants Maersk A/S and Moller Singapore AP PTE LTD deny any and all allegations contained in Plaintiff's Complaint not heretofore admitted, denied or otherwise responded to.

WHEREFORE, having fully answered Plaintiff's <u>Complaint</u>, Defendants Maersk A/S and Moller Singapore AP PTE LTD pray that they be dismissed with prejudice and that all costs be paid by Plaintiff.

RESPECTFULLY SUBMITTED this 26TH day of JANUARY, 2022.

BOUHAN FALLIGANT, LLP

<u>/s/ Todd M. Baiad</u>
TODD M. BAIAD
Georgia State Bar No. 031605
LUCAS D. BRADLEY
Georgia State Bar No. 672136
*Attorneys for Defendants Maersk A/S and*
*Moller Singapore AP PTE LTD*

Post Office Box 2139
Savannah, Georgia
(912) 232-7000 (voice)
(912) 233-0811 (facsimile)
tmbaiad@bouhan.com
ldbradley@bouhan.com

## CERTIFICATE OF SERVICE

I, Todd M. Baiad, do hereby certify that I have this day served the following counsel of record with a copy of the foregoing <u>Answer</u> to Plaintiff's <u>Complaint</u> by U. S. first class mail with proper postage affixed thereon addressed as follows:

Brent J. Savage, Esq.
Zachary R. Sprouse, Esq.
SAVAGE, TURNER, PINCKNEY & SAVAGE
102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah, Georgia   31412
*Attorneys for Plaintiff*

THIS 26TH DAY OF JANUARY, 2022.

BOUHAN FALLIGANT LLP

/s/ Todd M. Baiad
TODD M. BAIAD
Georgia State Bar No. 031605
LUCAS D. BRADLEY
Georgia State Bar No. 672136
*Attorneys for Defendants Maersk A/S and Moller Singapore AP PTE LTD*

One West Park Avenue (31401)
Post Office Box 2139
Savannah, Georgia  31402-2139
(912) 232-7000 - telephone
(912) 233-0811 - fax
tmbaiad@bouhan.com
ldbradley@bouhan.com